WOOD CRAPO LLC
Mary Anne Q. Wood (#3539)
Kathryn Ogden Balmforth (#5659)
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060

[filing stamp: 22 P 3: 25]
BY:_____
DEPUTY CLERK

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYDIA M. ROLL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KMART CORPORATION, a Delaware corporation; PALMER, REIFLER & ASSOCIATES, PA, a Florida company<br><br>　　　　Defendants. | **NOTICE OF REMOVAL**<br><br>Judge Dee Benson<br>DECK TYPE: Civil<br>DATE STAMP: 12/22/2004 @ 15:23:17<br>CASE NUMBER: 2:04CV01174 DB |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331 and 1441(a),(b), and (c) Defendant Kmart Corporation hereby removes to this Court the state action described below.

1.　On December 2, 2004, a Complaint and Jury Demand, entitled *Roll v. Kmart Corporation et al.*, and originating from the Third Judicial District Court, in and for Salt Lake County, State of Utah, was served, along with a Summons, on Kmart Corporation

at its international headquarters in Troy, Michigan. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A and incorporated by reference.

2. On December 7, 2004, Kmart received a copy of an Amended Complaint and Jury Demand. A true and correct copy of the Amended Complaint is attached hereto as Exhibit B and incorporated by this reference. The Amended Complaint shall hereafter be referred to as the State Court Action.

3. This Notice of Removal is filed within 30 days of the receipt of the Complaint by service or otherwise. 28 U.S.C. § 1446(b).

4. Upon information and believe, Lydia M. Roll is an individual residing in Salt Lake County, Utah.

5. Defendant Kmart Corporation is a company incorporated in Delaware and having its principal place of business in Michigan.

6. Upon information and belief, Defendant Palmer, Reifler & Associates, PA, is a company incorporated in Florida and has not been served with a copy of either the Complaint or the Amended Complaint.

7. The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a)-(c) because it is a civil action over which this Court has original jurisdiction and one that arises under the Constitution, laws, or treaties of the United States.

8. In the State Court Action, Plaintiff states that "[t]his suit is for state tort claims, state statutory punitive damages, and violations of the federal Fair Debt Collection Practices Act[, 15 U.S.C. §§ 1692 *et seq.*]" (Amended Compl. ¶ 5.) This Court has original

jurisdiction over claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and may also consider the state law claims pursuant to 28 U.S.C. § 1441(a)-(c).

9. The removal of this action from state court is not prohibited by 28 U.S.C. § 1445.

DATED this ___ day of December, 2004.

WOOD CRAPO LLC

_____
Mary Anne Q. Wood
Kathryn Ogden Balmforth
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22 day of December, 2004, I caused to be mailed in the U.S. mail, postage prepaid, a true and correct copy of the foregoing **Notice of Removal** to the following:

>   Gregory B. Smith
>   Attorney for Plaintiff
>   180 South 300 West #170
>   Salt Lake City, UT 84101

_____

S:\WPDATA\PLEADING\KMART.ROLL.NOTICE OF REMOVAL TO FEDERAL COURT.FED.wpd

2004 JUL 13 PM 1:49

Gregory B. Smith #6657
Steven C. Russell #6791
Attorney for Plaintiffs
180 South 300 West #170
Salt Lake City, UT 84101
Phone # (801) 532-5100

| THIRD DISTRICT COURT, COUNTY OF SALT LAKE STATE OF UTAH | |
|---|---|
| Lydia M. Roll,<br>  Plaintiff<br>vs.<br><br>Kmart Holding Corp, a Delaware corporation; Palmer, Reifler and Associates, PA, a Florida company; Briant J. Farnsworth, II,<br>  Defendants | COMPLAINT AND JURY DEMAND<br><br>Case  040104822<br><br>Judge  ROTH |

Plaintiff complains as follows:

## VENUE AND JURISDICTION

1. Plaintiff is a resident of Salt Lake County, Utah.

2. Defendant Kmart Holding Corp. is a Delaware corporation doing business in Utah as Kmart.

3. Defendant Palmer, Reifler and Associates, PA ("PRA") is a Florida law firm that collects debts in Utah.

4. Defendant Briant J. Farnsworth, II is an attorney employed by PRA and admitted to the Bar in Utah attempting to collect a debt in Utah.

5. This Court has personal jurisdiction over the parties.

6. This suit is for state tort claims, state statutory punitive damages, and violations of the federal Fair Debt Collection Practices Act (FDCPA).

7. This Court has subject matter jurisdiction.

2004 JUL 13 PM 1:49

## GENERAL ALLEGATIONS

8. Plaintiff was an employee of defendant Kmart Holding Corp. ("Kmart").

9. During her employment, Plaintiff would frequently place clearance merchandise on layaway in her name.

10. These items where stored in the stock room.

11. On one occasion, she put some clothes from the clearance sale area on layaway, paying $15 down.

12. These items were stored in the stock room.

13. Plaintiff forgot about these items and they went into delinquent status and the layaway was canceled.

14. Some time later, she put the items back on layaway, this time in her daughter's name and again put $15 down.

15. Plaintiff was subsequently accused of merchandise theft by employees of Kmart, fired, and reported to the Murray City Police.

16. Plaintiff did not steal anything from Kmart.

17. On, or about June 10, 2004, Defendants PRA and Farnsworth sent a letter to Plaintiff demanding $4,338.41 attached as Exhibit 1.

18. Despite promising to break down the restitution amount from the penalty amount (pursuant to UCA § 78-11-15/16) there was only the plain demand.

## FIRST CAUSE OF ACTION
### Slander per se (Kmart)

19. Plaintiff incorporates all previous paragraphs.

20. Kmart accused Plaintiff of a crime (larceny).

21. This accusation was published to employees of Kmart and to others.

22. This accusation was false.

23. Plaintiff has suffered severe emotional distress and pain as a result of this accusation.

24. Plaintiff has suffered financial and marital damage as a result of this accusation.

25. Kmart's accusation was made willfully and maliciously in complete disregard for the truth and Plaintiff's rights.

## SECOND CAUSE OF ACTION
### Negligent Supervision (Kmart)

26. Plaintiff incorporates all previous paragraphs.

27. Kmart had a duty to Plaintiff to properly supervise its employees.

28. Kmart breached that duty by not properly supervising its employees.

29. Plaintiff was injured by Kmart because of its employees' wrongly accusing her of theft, reporting this to the police, and reporting it to defendants PLA and Farnsworth.

## THIRD CAUSE OF ACTION
### Multiple violations of FDCPA (PLA and Farnsworth)

30. Plaintiff incorporates all previous paragraphs.

31. Defendants PLA and Farnsworth are regularly engaged in the collection of debts.

32. Defendants PLA and Farnsworth sent Plaintiff a letter (on PLA stationary and signed by Farnsworth) demanding $4,338.41.

33. They claim that the amount is due as restitution and penalties from alleged theft of consumer items by a consumer.

34. The letter claims that they are able to demand this debt pursuant to Utah law.

35. The Utah law cited (UCA § 78-11-15/16) only allows for recovery in a civil action.

36. Plaintiff has not been served with any civil action concerning the demands in Defendants' letter.

37. The Utah statute cited allows a maximum civil recovery of $1,500, far less than Defendants demand.

38. The letter threatens actions which, on information and belief, Defendants are unlikely to take, including but not limited to 1) taking further action and seeking a higher amount, 2) Kmart might file suit, 3) service by Sheriff.

39. The letter contains no validation notice.

40. The letter contains no warning that it is for collecting a debt.

41. Based on information and belief, Defendants may report the claimed debt to a credit reporting agency.

42. There is no warning that an adverse credit report may be filed, as required by Utah law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court award her statutory, actual, and punitive damages for the complained of acts in an amount to be determined at trial. Plaintiff further prays for attorney's fees as allowed by statute.

### JURY DEMAND

Plaintiff demands a jury.

Dated this ___7___ day of ___July___ 2004

Gregory B. Smith
Attorney for Plaintiff

DATE 2 Dec 04   TIME 9:30 A
R: 50 W Broadway #800
UPON E. Sanchez   agent
CONSTABLE REITZ, SALT LAKE COUNTY, UTAH
DEPUTY
265-5466

Gregory B. Smith #6657
Steven C. Russell #6791
Attorney for Plaintiffs
180 South 300 West #170
Salt Lake City, UT 84101
Phone # (801) 532-5100

## THIRD DISTRICT COURT, COUNTY OF SALT LAKE
## STATE OF UTAH

| Lydia M. Roll, Plaintiff | SUMMONS |
|---|---|
| vs. | Case 040104822 |
| Kmart Holding Corp, a Delaware corporation; Palmer, Reifler and Associates, PA, a Florida company<br>Defendants | Judge Steven Roth |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

You are summoned and required to answer the attached complaint. Within 20 days after service of this summons, you must file your written answer with the clerk of the court at the following address: West Valley District Court, 3636 Constitution Boulevard, West Valley City, 84119. You must mail or deliver a copy to plaintiff's attorneys at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint. The complaint is on file with the clerk of the court.

Dated this _____ day of _____ 2003.

_____
Gregory B. Smith
Attorney for Plaintiff

K-Mart Corporation
CT Corp. System
50 West Broadway
8th Floor
SLC, UT 84101


CT System

Service of Process Transmittal Form
Salt Lake City, Utah

12/02/2004
Via Federal Express (2nd Day)

TO: James Defebaugh
Kmart Corporation
International Headquarters
3100 West Big Beaver Rd.
Troy, MI 48084-0000

Kmart CORPORATION
REC'D DEC 0 8 2004
LEGAL DEPARTMENT

RE: **PROCESS SERVED IN UTAH**

FOR     K Mart Corporation Domestic State: MI

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION: Lydia M. Roll vs Kmart Holding Corp et al To Include: Kmart Corporation
2. DOCUMENT(S) SERVED: Summons and Complaint
3. COURT: Third District Court, State of Utah, Salt Lake County, Salt Lake Department
Case Number 040104822
4. NATURE OF ACTION: Slander per se (kmart)
5. ON WHOM PROCESS WAS SERVED: CT Corporation System, Salt Lake City, Utah
6. DATE AND HOUR OF SERVICE: By Process server on 12/02/2004 at 09:37
7. APPEARANCE OR ANSWER DUE: Within 20 days
8. ATTORNEY(S): George B. Smith
180 S 300 W #170
Salt Lake City, UT 84101

9. REMARKS:

SIGNED      CT Corporation System
PER
ADDRESS     Supervisor of Process /SP
            50 West Broadway
            Salt Lake City, UT 84101
            SOP WS 0006812737

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Gregory B. Smith #6657
Attorney for Plaintiff
180 South 300 West #170
Salt Lake City, UT 84101
Phone # (801) 532-5100

---

| THIRD DISTRICT COURT, COUNTY OF SALT LAKE STATE OF UTAH | |
|---|---|
| Lydia M. Roll,<br>Plaintiff<br><br>vs.<br><br>Kmart Corporation, a Delaware corporation;<br>Palmer, Reifler and Associates, PA, a<br>Florida company;<br>Defendants | AMENDED COMPLAINT AND JURY DEMAND<br><br>Case 040104822<br><br>Judge Steven Roth |

Plaintiff complains as follows:

### VENUE AND JURISDICTION

1. Plaintiff is a resident of Salt Lake County, Utah.

2. Defendant Kmart Holding Corp. is a Delaware corporation doing business in Utah as Kmart.

3. Defendant Palmer, Reifler and Associates, PA ("PRA") is a Florida law firm that collects debts in Utah.

4. This Court has personal jurisdiction over the parties.

5. This suit is for state tort claims, state statutory punitive damages, and violations of the federal Fair Debt Collection Practices Act (FDCPA).

6. This Court has subject matter jurisdiction.

### GENERAL ALLEGATIONS

7. Plaintiff was an employee of defendant Kmart Holding Corp. ("Kmart").



8. During her employment, Plaintiff would frequently place clearance merchandise on layaway in her name.

9. These items where stored in the stock room.

10. On one occasion, she put some clothes from the clearance sale area on layaway, paying $15 down.

11. These items were stored in the stock room.

12. Plaintiff forgot about these items and they went into delinquent status and the layaway was canceled.

13. Some time later, she put the items back on layaway, this time in her daughter's name and again put $15 down.

14. Plaintiff was subsequently accused of merchandise theft by employees of Kmart, fired, and reported to the Murray City Police.

15. Plaintiff did not steal anything from Kmart.

16. On, or about June 10, 2004, Defendants PRA sent a letter to Plaintiff demanding $4,338.41 attached as Exhibit 1.

17. Despite promising to break down the restitution amount from the penalty amount (pursuant to UCA § 78-11-15/16) there was only the plain demand.

## FIRST CAUSE OF ACTION
### Slander per se (Kmart)

18. Plaintiff incorporates all previous paragraphs.

19. Kmart accused Plaintiff of a crime (larceny).

20. This accusation was published to employees of Kmart and to others.

21. This accusation was false.

22. Plaintiff has suffered severe emotional distress and pain as a result of this accusation.

23. Plaintiff has suffered financial and marital damage as a result of this accusation.

24. Kmart's accusation was made willfully and maliciously in complete disregard for the truth and Plaintiff's rights.

## SECOND CAUSE OF ACTION
## Negligent Supervision (Kmart)

25. Plaintiff incorporates all previous paragraphs.

26. Kmart had a duty to Plaintiff to properly supervise its employees.

27. Kmart breached that duty by not properly supervising its employees.

28. Plaintiff was injured by Kmart because of its employees' wrongly accusing her of theft, reporting this to the police, and reporting it to defendants PLA.

## THIRD CAUSE OF ACTION
## Multiple violations of FDCPA (PLA)

29. Plaintiff incorporates all previous paragraphs.

30. Defendants PLA are regularly engaged in the collection of debts.

31. Defendants PLA sent Plaintiff a letter (on PLA stationary) demanding $4,338.41.

32. They claim that the amount is due as restitution and penalties from alleged theft of consumer items by a consumer.

33. The letter claims that they are able to demand this debt pursuant to Utah law.

34. The Utah law cited (UCA § 78-11-15/16) only allows for recovery in a civil action.

35. Plaintiff has not been served with any civil action concerning the demands in Defendants' letter.

36. The Utah statute cited allows a maximum civil recovery of $1,500, far less than Defendants demand.

37. The letter threatens actions which, on information and belief, Defendants are unlikely to take, including but not limited to 1) taking further action and seeking a higher amount, 2) Kmart might file suit, 3) service by Sheriff.

38. The letter contains no validation notice.

39. The letter contains no warning that it is for collecting a debt.

40. Based on information and belief, Defendants may report the claimed debt to a credit reporting agency.

41. There is no warning that an adverse credit report may be filed, as required by Utah law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court award her statutory, actual, and punitive damages for the complained of acts in an amount to be determined at trial. Plaintiff further prays for attorney's fees as allowed by statute.

## JURY DEMAND

Plaintiff demands a jury.

Dated this _____ day of _____ 2004

_____
Gregory B. Smith
Attorney for Plaintiff